I respectfully dissent. The nexus to interstate commerce in the case before us does not begin to match any of the features the United States Supreme Court found sufficient in Citizens Bank v.Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46
(2003).
The first Citizens Bank feature is that "Alafabco [the plaintiff opposing arbitration] engaged in business throughout the southeastern United States using substantial loans from the bank that were renegotiated and redocumented in the debt-restructuring agreements." 539 U.S. at 57, 123 S.Ct. at 2040
(emphasis added). In the case before us, the record is devoid of evidence that the plaintiffs engaged in any business whatsoever in any other state or used any quantity of any product from Security Pest in any other state. Nor does the record contain evidence that Security Pest used any quantity, much less a substantial quantity, of anything doing business in any other state. Security Pest *Page 1144 
argues only that it "does maintain licenses to perform pest control services in the state of Georgia." Brief, p. 19 (emphasis added).
The second Citizens Bank feature is that
 "the restructured debt was secured by all of Alafabco's business assets, including its inventory of goods assembled from out-of-state parts and raw materials. If the Commerce Clause gives Congress the power to regulate local business establishments purchasing substantial quantities of goods that have moved in interstate commerce, it necessarily reaches substantial commercial loan transactions secured by such goods."
539 U.S. at 57, 123 S.Ct. at 2040 (citation omitted; emphasis added). In the case before us, the record is devoid of evidence that "substantial quantities of goods . . . have moved in interstate commerce" for this transaction. Security Pest does not quantify the cost of the chemicals it used and does not reveal any interstate movement of equipment occasioned by this transaction as distinguished from some long-past movement of equipment obtained for use in the business of Security Pest in general.
The third Citizens Bank feature is premised with this explanation:
 "Congress'[s] Commerce Clause power may be exercised in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice . . . subject to federal control. Only that general practice need bear on interstate commerce in a substantial way."
539 U.S. at 56-57, 123 S.Ct. at 2040 (internal citations and quotation marks omitted; ellipsis original). The third CitizensBank feature itself is that "No elaborate explanation is needed to make evident the broad impact of commercial lending on the national economy or Congress'[s] power to regulate that activity pursuant to the Commerce Clause." 539 U.S. at 58,123 S.Ct. at 2041. In the case before us, the record does not establish that the pest control business "bear[s] on interstate commerce in a substantial way" or that the pest control business exerts a "broad impact . . . on the national economy," 539 U.S. at 57,123 S.Ct. at 2040, and 539 U.S. at 58, 123 S.Ct. at 2041.
Because the record does not establish the nexus to interstate commerce necessary for the Federal Arbitration Act to apply, the trial court erred in ordering arbitration in violation of §8-1-41(3), Ala. Code 1975. I therefore respectfully submit that the order compelling arbitration in this case should be reversed.